

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-13-2002

# USA v. Rolon

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1105

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Rolon" (2002). *2002 Decisions.* Paper 495.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/495

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

parties did not disagree on this point. Nonetheless, the District Court exercised its discretion and denied Rolon's motion for a downward departure because the court did not find that his career offender status over-represented the seriousness of his criminal history. Rolon filed a timely notice of appeal with this Court on December 27, 2001.

Our jurisdiction to review a District Court's denial of a downward departure is limited. We have repeatedly held that "a discretionary refusal to grant a downward departure is not reviewable on appeal." United States v. Denardi, 892 F.2d 269, 271-72 (3d Cir. 1989); see also United States v. McQuilkin, 97 F.3d 723, 729 (3d Cir. 1996). The only exception to this rule arises when the District Court's refusal to depart downward is based upon the mistaken belief that it lacked the authority to do so. See United States v. Mummert, 34 F.3d 201, 205 (3d Cir. 1994). In such cases, we have jurisdiction to correct the District Court's legal error. See United States v. Georgiadis, 933 F.2d 1219, 1222 (3d Cir. 1991).

Here, however, the District Court was well aware of its authority to depart downward and simply declined to exercise that authority. Indeed, Rolon concedes that the District Court recognized its authority to grant a downward departure. Because the District Court's refusal to depart was an exercise of its discretion, and not the product of any mistaken belief that it lacked the authority to depart, we are without jurisdiction to review the District Court's decision.

Accordingly, we will dismiss the appeal for lack of jurisdiction.

grounds upon which the departure application rested, although he claims that the court did so in a "pro forma" manner.  In denying his motion, the District Court stated, "The Court is satisfied that no adequate showing has been made for downward departure on the grounds indicated in the papers and [the Court] will adopt the Presentence Report as being [its] findings in this matter.  For the additional reasons more particularly set forth in the government's response to [Rolon's] motion, I see no reason to downwardly depart."  By way of clarification, the court said, "I always have the authority [to depart in the sentence]."

The District Court was aware that it had the authority to grant Rolon's request for a downward departure and exercised its discretion in denying this request.  Under these circumstances, we lack jurisdiction to review the sentence imposed by the District Court.  United States v. Torres, 251 F.3d 138, 151-152 (3d Cir. 2001).

For the foregoing reasons, we will dismiss the appeal for lack of jurisdiction.

_____

TO THE CLERK OF COURT:

Please file the foregoing Not Precedential Opinion.

/s/ Marjorie O. Re
Circuit Judge